IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS GEBKA, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>      Defendant. | Case No. 22-cv-5546<br><br>**JURY TRIAL DEMANDED** |

**STATE FARM'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**

RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: 312.471.8700
Facsimile: 312.471.8701

*Attorneys for Defendant State Farm Mutual
Automobile Insurance Company*

**TABLE OF CONTENTS**

    Page

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 3

I.    Plaintiff Has Failed To Allege Any Facts Supporting His Conclusory Claim That State Farm May Be Held Vicariously Liable For The Alleged Calls. ................................. 3

    A.    State Farm Is Not Vicariously Liable for The Alleged Unlawful Conduct of The Independent Contractor Agencies. ............................................................... 3

        1.    State Farm Cannot Be Held Vicariously Liable For Alleged Conduct That Was Contrary To State Farm's Instructions. ...................................... 3

        2.    Applicable Case Law Supports State Farm's Position. ............................... 4

    B.    State Farm Is Not Vicariously Liable for The Calls Attributed To The Vendors. ................................................................................................................. 6

        1.    Plaintiff's Allegations Do Not Support A Plausible Inference That The Vendors Were Acting As Subagents Of State Farm. ............................ 6

        2.    The Cases Relied Upon By Plaintiff Are Distinguishable And Not Persuasive. ...................................................................................................... 8

    C.    Plaintiff Has Waived Any Reliance Upon Apparent Authority. .......................... 11

    D.    Plaintiff Failed to Plead A Ratification Theory Of Vicarious Liability And Fails To Show That Such A Theory Is Applicable Here. ...................................... 12

        1.    Plaintiff Has Not Excused His Failure to Plead Ratification. .................... 12

        2.    The Vendor Calls Are Particularly Immune to a Ratification Theory. ...... 12

        3.    Plaintiff's Ratification Theory Fails Because He Has Not Alleged That State Farm Was Aware Of Any Unlawful Conduct. ........................ 12

        4.    Plaintiff Has Not Alleged That State Farm Obtained Some Benefit From The Alleged Calls. .............................................................................. 13

II.   Plaintiff Improperly Seeks To Impose Liability Based Upon Calls That He Requested. ............................................................................................................................ 15

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Bilek v Fed. Ins. Co.*,
    8, F.4th 581 (7th Cir. 2021) ......................................................................................................8

*Bridgeview Health Care Ctr., Ltd. v. Clark*,
    816 F.3d 935 (7th Cir. 2016) ................................................................................................3, 4

*Brown v. Ameriprise Fin. Servs., Inc.*,
    276 F.R.D. 599 (D. Minn. 2011)..............................................................................................10

*Chemtool, Inc. v. Lubrication Techs., Inc.*,
    148 F.3d 742 (7th Cir. 1998) ...................................................................................................11

*Clemons v. O'Neil Agency, Inc.*,
    No. 4:212-cv-678-SRC ..............................................................................................................5

*Clemons v. State Farm Mut. Auto. Ins. Co.*,
    No. 1:20-CV-1050, 2020 WL 4193997 (C.D. Ill. July 21, 2020).................................... *passim*

*Cunningham v. Health Plan Intermediaries Holdings, LLC*,
    No. 17-CV-1216, 2018 WL 835222 (N.D. Ill. Feb. 13, 2018) ...................................................5

*Daily v. USAA Cas. Ins. Co.*,
    No. CIV-14-0550-HE, 2014 WL 12729172 (W.D. Okla. Nov. 19, 2014) ..............................10

*G & S Holdings LLC v. Cont'l Cas. Co.*,
    697 F.3d 534 (7th Cir. 2012) ...................................................................................................11

*Gebka v. Allstate Ins. Co.*,
    No. 19-CV-06662, 2021 WL 4951520 (N.D. Ill. Oct. 25, 2021) ..............................................9

*Henderson v. United Student Aid Funds, Inc.*,
    918 F.3d 1068 (9th Cir. 2019) ...........................................................................................12, 13

*Kristensen v. Credit Payment Servs.*,
    12 F. Supp. 3d 1292 (D. Nev. 2014).....................................................................................3, 10

*Kristensen v. Credit Payment Servs. Inc.*,
    No. 2:12-CV-00528-APG, 2015 WL 4477425 (D. Nev. July 20, 2015), *aff'd*, 879 F.3d 1010
    (9th Cir. 2018).............................................................................................................10, 11, 12

*Kristensen v. Credit Payment Servs. Inc.*,
    879 F.3d 1010 (9th Cir. 2018) ...........................................................................................11, 12

*Leon v. Caterpillar Indus., Inc.*,
  69 F.3d 1326 (7th Cir. 1995) ........................................................................................................11

*Mey v. Venture Data, LLC*,
  245 F. Supp. 3d 771 (N.D.W. Va. 2017) ......................................................................................14

*NECA-IBEW Rockford Loc. Union 364 Health & Welfare Fund v. A & A Drug Co.*,
  736 F.3d 1054 (7th Cir. 2013) ......................................................................................................12

*Richardson v. John F. Kennedy Mem'l Hosp.*,
  838 F. Supp. 979 (E.D. Pa. 1993) ...................................................................................................6

*Saf-T-Gard International, Inc. v. State Farm,*
  No. 14-cv-144 (N.D. Ill. 2014) ..................................................................................................4, 5

*Smith v. State Farm Mut. Auto. Ins. Co.*,
  30 F. Supp. 3d 765 (N.D. Ill. 2014) ............................................................................................8, 9

*Straits Fin. LLC v. Ten Sleep Cattle Co.*,
  900 F.3d 359 (7th Cir. 2018) ........................................................................................................13

*United States v. Dish Network L.L.C.*,
  954 F.3d 970 (7th Cir. 2020) ..........................................................................................................5

*Warciak v. Subway Restaurants, Inc.*,
  949 F.3d 354 (7th Cir. 2020) ........................................................................................................11

**RULES**

Fed. R. Civ. P. 8 ..............................................................................................................................12

Fed. R. Civ. P. 12(b) .........................................................................................................................2

**OTHER AUTHORITIES**

Restatement (Third) of Agency § 4.06 cmt. d (2006) ....................................................................13

Restatement (Third) of Agency § 4.07 cmt. c (2006) ....................................................................14

**INTRODUCTION**

In his Opposition, Plaintiff asserts that he will identify damages traceable to State Farm by showing how State Farm is vicariously liable for the alleged calls that State Farm did not make. However, the Amended Complaint fails to identify any unlawful conduct by State Farm, nor does it allege facts that could support holding State Farm vicariously liable for the conduct attributed to the independent contractor agencies or the telemarketing vendors. As a result, none of the arguments advanced in the Opposition are sufficient to either establish standing or state a claim.

Plaintiff fails, first, in his effort to support his claim that the callers were vested by State Farm with actual authority to place the calls at issue. Plaintiff does not contest that actual authority will not be found when an agent has acted contrary to the instructions of its principal. State Farm has in its Do-Not-Solicit Guidelines provided a clear and specific prohibition on calls using a pre-recorded voice and calls that fail to adhere to the Do Not Call restrictions of the TCPA. Although Plaintiff asks the Court to ignore that document, it may properly be—and *should* be—considered because it constitutes the "detailed standards set by State Farm" that Plaintiff alleges in his Complaint. Dkt. 16 ¶ 56. In any event, Plaintiff's actual authority argument fails because, as in *Clemons v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-1050, 2020 WL 4193997, at *4 (C.D. Ill. July 21, 2020), Plaintiff has not adequately alleged that the State Farm independent contractor agencies were vested with actual authority from State Farm to engage in the conduct alleged. Plaintiff's allegations in this regard are entirely conclusory, with no apparent factual support. Indeed, those allegations were copied nearly verbatim from a complaint Plaintiff filed in his TCPA suit against Allstate—just as entire sections and arguments from Plaintiff's brief—beginning with the Table of Contents which includes "Allstate" in the headings—are copied from a brief Plaintiff filed in that matter.

Plaintiff falls even further short in attempting to demonstrate that State Farm or its independent contractor agencies vested the telemarketing vendors with actual authority to call Plaintiff. There are no allegations that either State Farm or its agencies asked those vendors to call Plaintiff or provided the vendors with Plaintiff's contact information. Moreover, Plaintiff does not allege that State Farm was even *mentioned* by the vendors during those calls. Also, in his TCPA lawsuit against Allstate, Plaintiff claimed that two of those same vendor calls were made *on behalf of Allstate*, and he fails to explain why his contradictory allegations here should be tolerated.

Left with no good argument in support of liability based upon actual authority, and having waived any claim based upon apparent authority, Plaintiff seeks refuge in the assertion that State Farm ratified the unlawful conduct alleged. Plaintiff's ratification claim should be rejected because it is not pleaded but, in any event, Plaintiff has not demonstrated that the claim is available here. Ratification will be found only where the principal has accepted some benefit "with full knowledge of the relevant facts." Completely absent from the Complaint are any allegations indicating that State Farm was aware of any of the alleged unlawful conduct, or any facts suggesting that State Farm should have undertaken some investigation. Plaintiff argues that State Farm's knowledge that independent contractor agencies were purchasing leads from vendors is sufficient, but adopting that type of approach would impose virtually boundless vicarious liability. Plaintiff's ratification theory also fails because State Farm did not accept any benefit in connection with the calls to Plaintiff, and Plaintiff's strained assertion that State Farm obtained some ill-defined advertising benefit from the calls has no merit.

Accordingly, Plaintiff's actions should be dismissed under Rule 12(b)(1) without leave to amend for lack of standing or, in the alternative, with prejudice under Rule 12(b)(6) for failure to state a claim.

**ARGUMENT**

I. **Plaintiff Has Failed To Allege Any Facts Supporting His Conclusory Claim That State Farm May Be Held Vicariously Liable For The Alleged Calls.**

The Court should reject Plaintiff's suggestion that some watered-down pleading standard applies to his allegations of vicarious liability. Dkt. 31 at 4-5. The Supreme Court's decisions in *Twombly* and *Iqbal* clearly require that a plaintiff set forth sufficient, non-conclusory allegations supporting the determination that plaintiff has a plausible claim for relief—and Plaintiff has not cited any binding authority establishing an exception to those requirements in cases where vicarious liability is alleged. *See Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1300-01 (D. Nev. 2014) (concluding that the ongoing validity of case holding that "the particulars of an agency relationship need not be pleaded to survive a motion to dismiss" was "highly doubtful under the current pleading regime established by the Supreme Court in *Iqbal* and *Twombly*").

When assessed against the requirements of *Twombly* and *Iqbal*, Plaintiff's allegations fall far short. Plaintiff has not alleged a valid claim that State Farm may be held vicariously liable for the alleged unlawful conduct attributed to its independent contractor agencies or any lead vendor. Furthermore, Plaintiff has waived any reliance on a theory of apparent authority, and has not alleged or established that State Farm ratified any alleged wrongful conduct. Accordingly, Plaintiff's action should be dismissed.

    A.    State Farm Is Not Vicariously Liable for The Alleged Unlawful Conduct of The Independent Contractor Agencies.

        *1.*   *State Farm Cannot Be Held Vicariously Liable For Alleged Conduct That Was Contrary To State Farm's Instructions.*

Citing *Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935 (7th Cir. 2016) and other authorities, State Farm argued in its opening brief that actual authority will not be found when an agent has acted contrary to the principal's instructions. Dkt. 19 at 9-10. Plaintiff does not argue otherwise,

3

and does not address *Bridgeview* or the other cases State Farm relies upon. Thus, this point is uncontested.

Nevertheless, Plaintiff argues that the Court must ignore the document submitted by State Farm demonstrating that State Farm independent contractor agents are prohibited from engaging in conduct contrary to the restrictions of the TCPA: State Farm's Do-Not-Solicit Guidelines. Dkt. 31 at 10. According to Plaintiff, the DNS Guidelines may not be considered because "Plaintiff does not refer to or allege any written document in his complaint." *Id*. However, the Amended Complaint specifically alleges that State Farm requires its agents to follow "detailed standards set by State Farm." Dkt. 16 ¶ 56; *see also id.* ¶¶ 57, 58. The DNS Guidelines are such "detailed standards," they are central to this case, and Plaintiff has not disputed their authenticity. Thus, they properly may be considered.

Plaintiff cannot dispute that the Guidelines expressly state that leads "must always be screened for do-not-solicit by the agent," the Guidelines expressly prohibit agents from engaging vendors who "use pre-recorded messages," and the Guidelines expressly instruct how no-contact requests are to be honored and processed. Dkt. 18 Ex. B. As Judge Leinenweber concluded in *Saf-T-Gard International, Inc. v. State Farm,* No. 14-cv-144 (N.D. Ill. 2014) (Dkt. 18 Ex. C), an independent contractor agent cannot be deemed to have actual authority to engage in conduct that is contrary to State Farm's instructions. Accordingly, Plaintiff's vicarious liability theory fails.

    2.  *Applicable Case Law Supports State Farm's Position.*

State Farm noted in its opening brief that in C*lemons v. State Farm Mut. Auto. Ins. Co*., No. 1:20-CV-1050, 2020 WL 4193997, at *4 (C.D. Ill. July 21, 2020), the Court rejected a similar attempt to hold State Farm vicariously liable for alleged DNC violations attributed to independent contractor State Farm agencies. Dkt. 19 at 8. The Court in *Clemons* concluded that dismissal was warranted because the Plaintiffs failed to allege any facts indicating that in making the alleged

4

unlawful call the agents "possessed a reasonable belief they were acting pursuant to [State Farm's] direction and control." 2020 WL 4193997, at *4.[1] Plaintiff has no response to *Clemons*: his opposition simply ignores this well-reasoned decision.

Plaintiff also fails to meaningfully respond to State Farm's reliance upon *Saf-T-Guard*. Plaintiff asserts that the decision is distinguishable because the plaintiff in that action "relied upon [the DNS Guidelines] to support his agency theory." Dkt. 31 at 11. However, Plaintiff specifically relies upon the "detailed standards" established by State Farm regarding TCPA compliance. *Supra*. Plaintiff also argues that *Saf-T-Guard* is distinguishable in that the complaint there "did not allege authority stemming from separate communications with State Farm as Plaintiff alleges here." Dkt. 31 at 11. In fact, however, the Amended Complaint does not allege that Plaintiff had *any* communications with State Farm; nor does that Complaint identify any communications between State Farm and the independent contractor agencies. Thus, the reasoning of *Saf-T-Guard* applies with equal force here.

Finally, the Court should reject Plaintiff's reliance upon *United States v. Dish Network L.L.C.*, 954 F.3d 970 (7th Cir. 2020). In that case, an agency relationship was found where the principal "knew what the order-entry retailers were doing" and had "complete control over" the performance of the retailers charged with selling the defendant's television services. *Id.* at 975, 977. No such allegations are made here and, as discussed in greater detail below, the allegations Plaintiff makes in his effort to impose vicarious liability upon State Farm are boilerplate and conclusory. *See*, *Cunningham v. Health Plan Intermediaries Holdings, LLC*, No. 17-CV-1216,

---

[1] After the *Clemons* action against State Farm was dismissed, Clemons filed a new action against the State Farm independent contractor agent alleged to have made the calls at issue: *Clemons v. O'Neil Agency, Inc.*, No. 4:212-cv-678-SRC, in the Eastern District of Missouri.

2018 WL 835222, at *5 (N.D. Ill. Feb. 13, 2018) (dismissing a TCPA claim where a plaintiff offered "conclusory allegations that Defendants had 'control over their agents' actions'").

        B.      <u>State Farm Is Not Vicariously Liable for The Calls Attributed To The Vendors.</u>

Because Plaintiff has failed to adequately allege that State Farm may be held vicariously liable for the conduct attributed to the independent contractor agencies, *supra*, Plaintiff's subagency theory of recovery necessarily fails. *See Richardson v. John F. Kennedy Mem'l Hosp.*, 838 F. Supp. 979, 985 (E.D. Pa. 1993) ("an agent may delegate to a subagent the authority to do any act *within the scope of the agent's authority*" (emphasis added)); *see also Saf-T-Guard*. In any event, as demonstrated below, Plaintiff has failed to allege facts supporting his claim that the telemarketing vendor(s) were acting as agents of the independent contractor State Farm agencies when the vendor(s) made the three calls attributed to them in the Amended Complaint (on April 15, 2020, July 21, 2020, and February 25, 2021). Moreover, the cases Plaintiff cites in his effort to establish liability in connection with those calls are distinguishable.

        1.      *Plaintiff's Allegations Do Not Support A Plausible Inference That The Vendors Were Acting As Subagents Of State Farm.*

Plaintiff makes conclusory statements asserting that the lead vendors were acting as subagents on behalf of State Farm—but those assertions are not supported by any actual *facts* alleged in the Amended Complaint.

First, Plaintiff does not allege facts indicating that the vendor calls were made at the request of State Farm or its independent agencies. Tellingly, the Amended Complaint does not allege that State Farm or its independent contractor agents were *even mentioned* in any of the three alleged vendor calls. The statements in the Opposition appear designed to suggest otherwise have no support in Plaintiff's own allegations. *See* Dkt. 31 at 3 ("On April 15, 2020, Plaintiff received a telemarketing call *about State Farm insurance quotes*. Id. ¶¶ 33-35." (emphasis added)); *id.* at 9

6

(Plaintiff asserting State Farm had an expectation that agents would "hire vendors to place telemarketing calls *promoting State Farm*").

Second, there are no allegations indicating that State Farm or the independent agencies supplied the vendors with Plaintiff's phone number or other contact information. Indeed, Plaintiff asserts that he had "no prior relationship with State Farm or any State Farm agency." Dkt. 31 at 3. Thus, the plausible inference to be drawn is that the vendors *independently* obtained Plaintiff's phone number and contacted him.

Furthermore, in his lawsuit against Allstate, Plaintiff alleged that the same July 21, 2020 and February 25, 2021 vendor calls at issue here were "on behalf of Allstate." Dkt. 18 Ex. A ¶ 51 (referring to July 21 call); *see also id.* ¶ 145 (alleging that Allstate violated TCPA when vendors "acting on Defendant's behalf" called Plaintiff using an artificial or prerecorded voice). Plaintiff's opposition makes no attempt to explain or justify his contradictory allegation here. Moreover, the fact that the telemarketer responsible for those calls apparently sold the resulting leads to Allstate—State Farm's *competitor*—is contrary to any inference the vendor was acting as a subagent of State Farm. And Plaintiff simply ignores the case law cited by State Farm (Dkt. 19 at 12) rejecting the notion that the same phone call can serve as the basis of vicarious liability against multiple competing companies.

Given these facts, the most plausible inference to be drawn is that the vendor(s) were acting independently, contacting persons who might be interested in obtaining insurance quotes, then selling the resulting leads to multiple competing insurance agencies.[2] Plaintiff's conclusory

---

[2] Everquote's website confirms that it does not present itself as an agent or subagent of State Farm or any other particular insurer. Rather, it offers to connect interested consumers with competing insurance quotes. https://www.everquote.com

assertions—in contradiction of the actual alleged facts—that the vendors were calling Plaintiff as subagents of State Farm do not state a plausible claim for relief against State Farm.

        2.    *The Cases Relied Upon By Plaintiff Are Distinguishable And Not Persuasive.*

None of the cases relied upon by Plaintiff support his contention that the lead vendors were acting as subagents of State Farm.

- *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765 (N.D. Ill. 2014)

Plaintiff's extensive reliance on Judge St. Eve's ruling nearly ten years ago in *Smith* is misplaced.

First, the Court's decision in *Smith* did not address the issue of whether State Farm could be held vicariously liable for alleged conduct that was contrary to State Farm's instructions. *Supra*.

In addition, the facts alleged in *Smith* focused on a particular lead vendor (Variable) and suggested that Variable was working specifically on behalf of State Farm and two other insurers, and that Variable coordinated closely with State Farm's agents. Thus, the calls the plaintiffs received had a pre-recorded message stating: "State Farm, Nationwide, and Farmers are competing for your business, and you can save several hundred dollars on your car insurance." *Id.* at 769. Moreover, the Variable operator would, after speaking with the prospective lead, transfer the call directly to an agent of State Farm (or of one of the other two insurers). *Id.*[3] Nothing similar is alleged here.

*Smith* is further distinguishable in that the plaintiffs there alleged "that State Farm suggested to several of its insurance agents that [] telemarketing through [lead vendor] Variable was a good way to obtain new customers." *Id.* at 776. No similar allegation can be found in

---

[3] A fact pattern similar to *Smith* was addressed in *Bilek v Fed. Ins. Co.*, 8, F.4th 581 (7th Cir. 2021), which has no application here.

8

Plaintiff's Amended Complaint. To be sure, Plaintiff vaguely alleges that State Farm "encouraged State Farm agencies to use third- party vendors to generate 'leads.'" Dkt. 16 ¶ 59. However, that and similar boilerplate allegations by Plaintiff are precisely the sort of conclusory assertions the Court found insufficient in *Smith*. In the same *Smith* opinion, the Court concluded that the plaintiffs failed to sufficiently allege that Variable acted as a subagent on behalf of two other insurer defendants: Nationwide and Farmers. In reaching that determination, the Court concluded that "although Plaintiffs allege that Defendants' insurance agents were authorized to hire third parties to perform telemarketing . . . this allegation is conclusory and Plaintiffs plead no facts to support it." *Id.* at 777. Here, Plaintiff pleads no facts supporting his conclusory allegations. Indeed, in *Clemons*, the Court rejected the plaintiffs' reliance on *Smith*, concluding that "[t]he allegations in the Complaint present a stark contrast to those alleged in *Smith*." 2020 WL 4193997, at *3. The same is true here.

- *Gebka v. Allstate Ins. Co*., No. 19-CV-06662, 2021 WL 4951520, at *1 (N.D. Ill. Oct. 25, 2021)

Plaintiff's reliance on Judge Coleman's ruling in Plaintiff's action against Allstate is equally misplaced. Plaintiff's allegations against Allstate were far more detailed and extensive. Those allegations spanned forty-two paragraphs of the Allstate complaint (Dkt. 18 Ex. A ¶¶ 78-119) and included assertions that: a lead vendor who called Plaintiff participated in an "Allstate Lead Marketplace program" (*id.* ¶ 92); Allstate endorsed a lead generator to Allstate agencies (*id.* ¶ 96); and Allstate knew from a prior lawsuit that the lead vendor was making calls on behalf of Allstate in violation of the TCPA, yet Allstate failed to take any remedial measures (*id*. ¶¶ 100-04). In contrast, Plaintiff's vicarious liability claim against State Farm is devoid of any such detailed allegations. Rather, that claim rests principally upon ten vague, conclusory paragraphs of the Amended Complaint. Dkt. 16 ¶¶ 55-64.

9

Moreover, unlike in the Allstate case, this Court has before it clear information that Plaintiff's allegations against State Farm are boilerplate, generic assertions not based on any actual evidence or information. Specifically, many of the allegations against State Farm are simply cut and pasted from the Allstate Complaint. *Compare, e.g.,* Amended Complaint Against State Farm ¶¶ 59, 61-64 *with* Second Amended Complaint Against Allstate ¶¶ 86, 111, 113, 117-18. Such generic allegations are entitled to no weight in assessing whether Plaintiff has adequately pleaded a vicarious liability claim. *See Daily v. USAA Cas. Ins. Co.*, No. CIV-14-0550-HE, 2014 WL 12729172, at *2 (W.D. Okla. Nov. 19, 2014) (granting defendant's motion to dismiss and questioning validity of claim given "Plaintiff's counsel's apparent use of identical pleadings in multiple similar cases"); *Brown v. Ameriprise Fin. Servs., Inc.*, 276 F.R.D. 599, 604 (D. Minn. 2011) (criticizing reliance upon allegations that "were copied wholesale from [a complaint in another action] without any foundation for those allegations to be asserted against Defendant here").

Finally, it appears Plaintiff did not disclose to the Court in the Allstate case that, in addition to calls from Allstate, he also received calls from State Farm independent contractor agencies after receiving the vendor calls. This left the Court with an incomplete picture—one perhaps suggesting that the vendors were working on behalf of the Allstate agencies, when in reality the vendor was making the calls on behalf of itself to generate leads to sell.

- *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1302 (D. Nev. 2014)

*Kristensen* is not persuasive. The court's application of agency principles to the facts alleged is terse, and the court appeared to adopt the view that an agency relationship may be found based on nothing more than a contractual relationship. However, as the Seventh Circuit has instructed: "While an agency relationship can be created by contract or by conduct, not all contracts

10

create agency relationships and not all conduct creates agency relationships." *Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 745 (7th Cir. 1998). Furthermore, *Kristensen* illustrates the downside to accepting at face value bare-bones allegations of vicarious liability: following discovery, the court granted summary judgment on behalf of defendants, concluding that plaintiffs failed to establish vicarious liability, *Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-APG, 2015 WL 4477425 (D. Nev. July 20, 2015), and that ruling was affirmed on appeal, 879 F.3d 1010 (9th Cir. 2018).

      C.    <u>Plaintiff Has Waived Any Reliance Upon Apparent Authority.</u>

Apparent authority exists when a third party "reasonably relies on a principal's manifestation of authority to an agent." *Warciak v. Subway Restaurants, Inc.*, 949 F.3d 354, 357 (7th Cir. 2020); *Clemons*, 2020 WL 4193997, at *4. Manifestations made by the agent "are not sufficient to create an apparent agency relationship." *Leon v. Caterpillar Indus., Inc.*, 69 F.3d 1326, 1336 (7th Cir. 1995). Perhaps recognizing the difficulty of certifying any class theory based on apparent authority, Plaintiff failed to allege apparent authority in his Amended Complaint and fails in his opposition to respond to State Farm's arguments showing that no viable theory of apparent authority is available. Accordingly, Plaintiff has waived any claim based upon apparent authority. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.").

> D. Plaintiff Failed to Plead A Ratification Theory Of Vicarious Liability And Fails To Show That Such A Theory Is Applicable Here.
>
>> 1. *Plaintiff Has Not Excused His Failure to Plead Ratification.*

Plaintiff's opposition simply ignores the fact that the Amended Complaint does not expressly plead vicarious liability based on a claim of ratification. Moreover, as discussed below, the Complaint fails to plead the facts required to support a number of the elements of such a claim. Accordingly, Plaintiff's ratification claim does not comport with the requirements of Rule 8 and, for that reason, should be dismissed.

>> 2. *The Vendor Calls Are Particularly Immune to a Ratification Theory.*

Plaintiff's ratification argument relies upon the Ninth Circuit's ruling in *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1074 (9th Cir. 2019), but that ruling does not support Plaintiff's position. Distinguishing its earlier ruling in *Kristensen v. Credit Payment Servs. Inc.*, 879 F.3d 1010 (9th Cir. 2018) (Dkt. 31 at 16), the court in *Henderson* noted that, unlike *Kristensen*, where the texting party "did not pretend to be the lender's agent," the callers in *Henderson* "did purport to act as agents of USA Funds." *Id.* at 1074; *see also Kristensen*, 879 F.3d at 1014 (noting that "[w]hen an actor is not an agent and does not purport to be one," the doctrine of ratification does not apply" (quoting Restatement (Third) of Agency)).

Here, the vendors were not acting as or purporting to be agents of State Farm or its independent agencies. As noted above, Plaintiff has not alleged that the vendors even mentioned State Farm in those calls. Thus, as in *Kristensen*, no ratification theory of recovery is available with regard to the vendor calls.

>> 3. *Plaintiff's Ratification Theory Fails Because He Has Not Alleged That State Farm Was Aware Of Any Unlawful Conduct.*

Ratification requires that the principal "have full knowledge of the facts and the choice to either accept or reject the benefit of the transaction." *NECA-IBEW Rockford Loc. Union 364*

12

*Health & Welfare Fund v. A & A Drug Co.*, 736 F.3d 1054, 1059 (7th Cir. 2013). Citing the Ninth Circuit's ruling in *Henderson*, Plaintiff acknowledges this knowledge requirement. Dkt. 31 at 14. However, again citing *Henderson*, Plaintiff then makes the contradictory assertion that ratification can be shown if the principal affirms "without knowing the material facts." *Id.* at 14-15. The *Henderson* opinion makes clear, however, that this exception applies to the narrow situation where "the principal is shown to have had knowledge of facts that would have led a reasonable person to investigate further, but the principal ratified without further investigation." 918 F.3d at 1075 (quoting Restatement (Third) of Agency § 4.06 cmt. d).

Plaintiff's ratification theory fails because the Amended Complaint is silent as to any allegations addressing State Farm's knowledge of the calls Plaintiff allegedly received, or even any allegation that State Farm was aware of facts that should have caused it to investigate further. Plaintiff argues that it is sufficient that State Farm was aware the agencies were purchasing leads from vendors (Dkt. 31 at 15-16), but ratification requires "full knowledge" of the facts. *Supra.* Thus, it is not sufficient to show only that the principal has some general awareness that some type of activity is taking place—while remaining completely unaware of any information suggesting wrongdoing. *See Straits Fin. LLC v. Ten Sleep Cattle Co.*, 900 F.3d 359, 372 (7th Cir. 2018) ("A person is not bound by a ratification made without knowledge of material facts." (quoting Restatement (Third) of Agency § 4.06 (2006)). That is all that has been alleged here. Thus, Plaintiff's ratification theory fails.

> 4. *Plaintiff Has Not Alleged That State Farm Obtained Some Benefit From The Alleged Calls.*

The Amended Complaint does not identify any benefit that State Farm received from the calls Plaintiff allegedly received. Rather, Plaintiff relies upon a vague, generalized allegation that State Farm "knowingly accepted business originated through these marketing calls." Dkt. 16 ¶ 30.

13

Plaintiff then argues in his brief that the Court need not confine its assessment to the calls to Plaintiff, but should consider whether some benefit was derived from "the totality of the calling conduct." Dkt. 31 at 16. Plaintiff is incorrect. The Restatement instructs that "[r]atifying one transaction or act does not encompass multiple independent transactions undertaken at approximately the same time or during the same general course of conduct." Restatement (Third) of Agency § 4.07 cmt. c (2006). Thus, even if one were to accept Plaintiff's speculative assertion that State Farm, with full knowledge of the facts, at some point in time retain a monetary benefit from some unidentified TCPA violation, that independent transaction would not support Plaintiff's assertion that State Farm ratified the unlawful calls he alleges.

The Court also should reject Plaintiff's strained assertion that State Farm benefitted because the calls to Plaintiff functioned as advertisements for State Farm's services. Dkt. 31 at 17. There is no allegation that State Farm was even aware of those calls, and it is unclear how State Farm could have affirmatively rejected any such advertisement benefit after the calls were made. Moreover, any purported advertising attendant to the alleged calls did not result in a benefit because Plaintiff has never purchased anything from State Farm.

Finally, the Court should reject Plaintiff's reliance upon *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 788 (N.D.W. Va. 2017) for the proposition that the "benefit" for ratification purposes can include the receipt of mere "information." Dkt. 31 at 16. The defendant subject to alleged vicarious liability in that case was a public opinion research firm, and the entire purpose of the surveys conducted through the alleged unlawful calls was to receive information from the called persons. In contrast, the evident purpose of the calls attributed to the independent agencies was to sell insurance—and no such sale occurred. Thus, there was no benefit retained by State Farm and Plaintiff's ratification theory fails.

**II.      Plaintiff Improperly Seeks To Impose Liability Based Upon Calls That He Requested.**

The Opposition fails to identify what conduct of State Farm caused what damage to Plaintiff. Despite Plaintiff's attempts to play "hide the ball" by omitting from the Amended Complaint key details concerning his interactions with the vendors who are alleged to have called him, it is beyond dispute that Plaintiff invited lead generators to facilitate insurance quotes for him on April 15, 2020, July 21, 2020, and February 25, 2021. Dkt. 1 ¶¶ 34, 41-43, 54-56. Moreover, during this same time frame he is requesting quotes, Plaintiff alleges that he received inquiries from State Farm independent contractor agents with respect to his interest in receiving insurance quotes. Dkt. 16 ¶¶ 37, 41, 45, 46. Plaintiff cannot be heard to claim any damages for welcomed or invited calls and should not be heard to argue that he "received seven unsolicited telemarketing calls." Dkt. 31 at 18. Indeed, Plaintiff was represented by counsel during the time of these calls in connection with his Allstate lawsuit and likely provided consent to the lead vendors to be contacted in the hope of collecting more information for his counsel. In fact, two of those calls were added to his Amended and Second Amended complaints in the Allstate case. *Gebka v. Allstate*, No. 1:19-cv-662, Dkt. 79 ¶¶ 30-31 and Dkt. 95 ¶ 65. As a result, Plaintiff cannot plausibly allege that he sustained an "injury" from calls that he himself invited or welcomed and, thus, has no standing to pursue any legal claim for those calls, especially against State Farm.

Dated: March 6, 2023                              Respectfully submitted,

/s/ *James P. Gaughan*
James P. Gaughan
Ambria D. Mahomes
RILEY SAFER HOLMES & CANCILA LLP
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: 312.471.8700
*Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2023, I caused the foregoing document to be electronically filed via the Court's CM/ECF system, which will serve notice on all counsel of record.

*/s/ James P. Gaughan*
James P. Gaughan